IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ERIC LYNN MILLER, )
Institutional ID No. 2020206, )
SID No. 3926673, )
Previous TDCJ Nos.1169739, 1440389 and )
1699473, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 5:16-CV-023-BQ
JOHN MCCREIGHT, ) ECF
*Unit Chaplain, et al.,* )
)
Defendants. )

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was referred to the magistrate judge by order dated February 26, 2016. ECF No. 8. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Miller's claims against Unit Chaplain John McCreight and Correctional Officer David Perez for alleged violations of his First Amendment right to freedom of religious expression, and his Fourteenth Amendment right to equal protection, survive preliminary screening.[1] ECF No. 24. Consequently, the court ordered that Defendants McCreight and Perez be served and file an answer or otherwise respond to the complaint. *Id.* Defendants filed their answer on February 22, 2017. ECF No. 25. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Having disposed of all

---

[1]The court concluded that Miller's request for injunctive relief and claims for return or replacement of allegedly confiscated property, retaliation, supervisory liability for subordinates' alleged misconduct, and RLUIPA violations, failed to state a claim for relief and ordered them dismissed through a separate order. *See* ECF Nos. 22, 23.

1

remaining non-dispositive issues, and upon review of Defendants' answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

The undersigned previously found that Miller's claims for violation of his First Amendment right to freedom of religious expression and Fourteenth Amendment right to equal protection survive preliminary screening. *See* Order, at 8–10 (ECF No. 22). Miller alleges Native American religious practice at the Marshall Formby Unit is "strictly forbidden," and he claims that an institutional-wide animus exists concerning his religion. *See* Questionnaire, at 3 (ECF No. 21). Specifically, he alleges instances where Defendants McCreight and Perez confiscated and destroyed his personal religious property, used offensive language related to his religion while doing so, and denied appropriate accommodation of his religious practice by refusing to provide the articles necessary for such practice.

A prisoner's First Amendment rights are violated when he is not afforded "reasonable opportunity" to exercise his religious beliefs. *Davis v. Davis*, 826 F.3d 258, 265 (5th Cir. 2016) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam)). Prison officials, however, "may still place reasonable limits on the religious rights that must be afforded to inmates." *Id.*; *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351–52 (1987) (holding that prison officials are not required to sacrifice legitimate penological objectives to accommodate inmates' religious practices). Courts consider four factors in determining the reasonableness of a prison regulation impinging on inmates' constitutional rights: "(1) the existence of a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the existence of alternative means of exercising the right that remain open to prison inmates; (3) the impact an accommodation will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of alternatives." *Davis*, 826 F.3d at 265 (citing

*Turner v. Safley*, 482 U.S. 78, 89–91 (1987)). Considering the record at this stage of the litigation, the court finds Miller has alleged sufficient facts supporting his First Amendment claim to survive preliminary screening.

Similarly, to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a prisoner plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). A prison does not need to provide every religious group or sect with identical facilities or personnel, but prison officials must afford inmates reasonable opportunities to exercise their religious beliefs. *McFaul v. Valenzuela*, 684 F.3d 564, 577 (5th Cir. 2012) (quoting *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007)). Miller's allegations that Formby Unit officials completely denied Native American religious practice, while accommodating other religions, potentially state a viable claim for violations of the Fourteenth Amendment and therefore survive screening. *See, e.g.*, Questionnaire, at 4 (describing an alleged incident on November 5, 2015, where Defendant McCreight handed out crucifixes to Roman Catholic inmates, but told Miller he "wasn't going to help" accommodate Miller's Native American religion and McCreight "didn't have time for that Navajo crap").

Considering all of Miller's allegations together and construing them as true, his First Amendment and Fourteenth Amendment claims do not rest upon clearly baseless factual contentions or indisputably meritless legal theories. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Thus, Miller's claims against Defendants McCreight and Perez survive preliminary screening and should move forward. *See Wagner v. Campuzano*, 562 F. App'x 255, 256 (5th Cir. 2014) (finding prisoner's First Amendment claim had an arguable basis in fact where he alleged

religious restrictions imposed by his institution were not applied neutrally, and reversing dismissal of the claim as frivolous).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:16-CV-023-C.

Dated: April 12, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE